I iKNOLL, Judge,
concurring in part and dissenting in part.
In citing LSA-C.C. Art. 2365, the majority apparently finds a community obligation arises from the wife living in the trailer during the marriage. However, while Art. 2365 allows reimbursement when separate property is used to pay a community obligation, there still must be a basis for the underlying community obligation.
Art. 2360. Community obligation.
An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.
Obviously, before a community obligation can arise, an obligation must be incurred by a spouse. Unquestionably, Mr. Hebert incurred a separate obligation, when prior to the marriage, he borrowed the funds to buy his trailer. However, I fail to see what action either spouse took during the marriage to give rise to the community obligation the majority relies on in ordering reimbursement by Mrs. Frederick.
Art. 1757. Sources of obligations.
Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.
There is no evidence that during the marriage, there was a contract or other declaration of will “in the common interest of the spouses or for the interest of the other spouse” with regards to the trailer. Further, I know of no law automatically giving rise to an ^obligation to pay rent whenever two individuals, much less spouses, live in a residence owned by one of them. Indeed, I believe where spouses are concerned the law provides very much the opposite. See comment (c) to LSA-C.C. Art. 98, indicating one aspect of the “support” spouses inherently owe each other is shelter. I agree Mrs. Frederick is owed reimbursement since community property was used to pay a separate obligation, but I find no community obligation on which to base paying a reciprocal amount to Mr. Hebert. I cannot escape the conclusion that the majority has created a community obligation out of thin air.
I recognize the majority is attempting to avoid the harsh results the reimbursement articles may have when the separate property greatly depreciates during the marriage. However, the matrimonial regime articles have historically been a complicated area of our law, leading to conflicting interpretations even when courts have attempted literal construction of these articles. I fear such unsupported interpretations as the majority makes today may lead to no end of mischief in future eases.
For these reasons, I respectfully concur in part and dissent in part.